UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID GLENNIE,                             :
        Plaintiff,                 :
                              :
        v.                        :          C.A. No. 21-231JJM
                              :
MERRICK B. GARLAND, et al.,                 :
        Defendants.                :

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

After a substantial delay as *pro se* Plaintiff David Glennie transitioned from pretrial detainee at the Wyatt Detention Facility ("Wyatt") to an adjudicated prisoner serving a sentence of seventy-two months at Federal Correctional Institution Fort Dix in New Jersey, Plaintiff's Complaint (ECF No. 1) was finally served on most, though not all, of the named Defendants.[1] Invoking <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) ("<u>Bivens</u>"), Plaintiff alleges that, during the period from January 2020 until he was sentenced on August 4, 2021,[2] while he was detained and then awaiting sentencing at the Wyatt, he was denied constitutionally adequate health care for dental issues (refusal to provide dentures); medical issues (delay in diagnosing a sexually transmitted disease, failure to provide a

---

[1] Plaintiff's Complaint names a dentist, Dr. L. Bickham, as a defendant but there is no suggestion in the record that she was served. Since the time to serve has now run, Text Order of Jan. 21, 2022, the Court assumes that Dr. Bickham is not joined as a defendant in this case.

[2] On December 11, 2019, Plaintiff was charged in the District of Massachusetts with trafficking and attempting to traffic more than fifty grams of methamphetamine and more than 500 grams of a substance containing methamphetamine. <u>United States v. Glennie</u>, CR No. 19-10465RWZ (D. Mass.) (ECF No. 3). Except for a short period in May/June 2020, when there was an unsuccessful (at least in part because of the incidence of COVID-19 at the proposed community-based placement) attempt to place Plaintiff in the community to avoid the risk of COVID-19 exposure at the Wyatt, Plaintiff was detained at the Wyatt beginning on January 16, 2020. Based on the Court's acceptance of his plea of guilty, Plaintiff was adjudicated guilty on April 13, 2021. He remained at the Wyatt until he was sentenced to seventy-two months of incarceration on August 4, 2021. He is now serving that sentence at FCI Fort Dix in New Jersey.

diagnostic test for tachycardia, delay in proper treatment of emphysema, delay in proper treatment of skin sores, and failure to protect from COVID-19); and mental health issues (failure to prescribe effective medication despite many adjustments and delay in providing therapy). Defendants responded with three motions to dismiss challenging, *inter alia*, the plausibility of these claims as to each of them, particularly in light of the Complaint's factual pleading, which reveals that significant dental, medical and mental health care diagnostic and treatment services were provided.  ECF Nos. 17, 18, 20.  The motions to dismiss also implicate esoteric concepts, such as the scope of a Bivens action against an entity (the corporation that operates Wyatt), against a physician who is not a "federal official," and against federal officials who are not alleged to have been personally involved in the delivery of or failure to supply treatment.

In response to the motions to dismiss, Plaintiff filed motions and a request of his own, all of which have been referred to me for determination.  These are: a third motion for the appointment of counsel (ECF No. 19); a motion to amend the Complaint (ECF No. 21); and a request for initial discovery (ECF No. 22).  The Court stayed Plaintiff's obligation to respond substantively to the motions to dismiss until it makes a determination on counsel.  Text Order of May 3, 2022.

### *Motion to Appoint Counsel*

The law does not afford IFP applicants an absolute right to appointed counsel in a civil case.  DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991); Albanese v. Blanchette, C.A. 20-00345-WES, 2021 WL 5111862, at *1 (D.R.I. Nov. 3, 2021).  In addition to establishing indigency (which Plaintiff has done), as a civil litigant seeking the appointment of *pro bono* counsel, he must also sustain his burden of demonstrating that "exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on

his due process rights." <u>DesRosiers</u>, 949 F.2d at 23.  In determining whether exceptional circumstances exist, the Court "must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." <u>Id.</u> at 24.  Plaintiff's first two motions for counsel were denied largely because they were premature, brought before any Defendant had been served.  Text Order of Nov. 5, 2021.  In denying them without prejudice, the Court also noted that, while Plaintiff's claims of failure to provide medical treatment may be complex and require expert testimony, "the complaint also reflects that treatment was provided so that the merit of the claims is not yet clear." <u>Id.</u>  Because the Complaint is now served and Defendants have appeared, it is appropriate for the Court to give the issue of appointment of counsel a fresh look.

Focusing first on the last two of the three <u>DesRosiers</u> factors, the Court finds that, as an indigent incarcerated individual without legal training serving his sentence in New Jersey, Plaintiff's ability to represent himself in a case involving the clearly complex questions of law, particularly those related to <u>Bivens</u>, which are posed by the pending motions to dismiss, is certainly limited.  Less obviously complex are the facts in issue.  While this case will involve medical evidence, unlike a medical malpractice case, where expert testimony is required, Plaintiff may be able to proceed without an expert <u>if</u> the seriousness of the alleged deprivation of appropriate care is obvious to a fact finder.  <u>Rogers v. Town of New Hampton</u>, 554 F. Supp. 3d. 340, 346-47 (D.N.H. 2021) (expert testimony not necessarily required to support § 1983 allegation of failure to treat serious medical need).  Whether that is so here is impossible to ascertain based solely on this Complaint, which alleges adverse consequences due to allegedly inadequate health care that other courts have rejected as sufficient to state a claim of a constitutional deprivation.  <u>See, e.g.</u>, <u>Adames v. Pistro</u>, C.A. No. 21-CV-2855, 2022 WL 267586,

at *5 (E.D. Pa. Jan. 28, 2022) (dismissing <u>Bivens</u> claim *inter alia* because fact that detainee contracted COVID-19 is not sufficient to support claim of plausible constitutional violation based on facility's response to COVID-19); <u>Tyner v. Nowakowski</u>, Case No. 19 C 1502, 2021 WL 4318085, at *6 (N.D. Ill. Sept. 23, 2021) (dismissing detainee's <u>Bivens</u> claim based on two-month delay in syphilis treatment because it "allege[s] at best negligence"); <u>Bennett v. Div. of Immigration Health Servs.</u>, No. Civ.A. 05-4251, 2006 WL 845864, at *6 (E.D. Pa. Mar. 28, 2006) (granting motion to dismiss <u>Bivens</u>/§ 1983 claims because refusal to provide dentures to detainee fails to establish deliberate indifference to serious medical need where plaintiff did receive dental care).

A related but thornier question is whether Plaintiff's claims have merit.  The motions to dismiss now pending present (among other arguments) the precise issue that concerned the Court when it denied the first two motions for counsel: is there merit to a claim of constitutionally deficient health care where, on the face of the pleading, the claimant concedes that he <u>did</u> receive significant medical services, albeit not as swiftly as he wished, as well as that it is not clear whether there is any medically verifiable adverse consequence causally linked to a constitutional deprivation?  The Court notes that such a case might survive the motion to dismiss, only to end on a motion for summary judgment.  <u>See, e.g.</u>, <u>Silva v. Clarke</u>, C.A. No. 19-568JJM, 2022 WL 1091336, at *13 (D.R.I. Apr. 12, 2022), <u>adopted by</u> Text Order (D.R.I. May 2, 2022) (in § 1983 case, summary judgment granted where detainee's evidence insufficient to permit inference that delays in medical treatment amounted to failure to address objectively serious medical need or that treatment was so inadequate as to be conscience shocking).  Mindful of these concerns and considering that the case is at an early phase, I find that it is still premature to make the assessment that Plaintiff's claim has merit.

Based on the foregoing, Plaintiff's motion for counsel to be appointed from the Court's *pro bono* panel to undertake unlimited representation is still premature because it is far from clear that Plaintiff has a meritorious and factually complex claim.  See Hanson v. R.I. Dep't of Corr., C.A. No. 17-598WES, 2019 WL 6324653, at *3 (D.R.I. Nov. 25, 2019) (motion for counsel denied because "claims that are pending do not carry enough heft to give rise to circumstances that would justify the appointment of counsel").  Nevertheless, there is no question that Plaintiff faces serious and complex legal issues posed by the motions to dismiss.  In such circumstance, the Rhode Island Supreme Court Rules of Professional Conduct[3] permits limited-purpose engagements.  See Stack o/b/o Doe v. Town of Lincoln Hous. Auth., C.A. No. 20-350WES, 2021 WL 1904537, at *3 (D.R.I. May 12, 2021).  Based on Plaintiff's limited ability to represent himself and the legal complexity of the issues presented by the motions to dismiss, I find that a limited-purpose appointment of a *pro bono* attorney to assist Plaintiff in responding to them is appropriate.

Accordingly, Plaintiff's motion to appoint counsel is granted in part in that the Court finds Plaintiff eligible for counsel from the *pro bono* panel to represent him in responding to the motions to dismiss.  Thereafter, the attorney may withdraw as appointed *pro bono* counsel, provided that they may continue as counsel if they and Plaintiff both agree that they should continue.  Nor is Plaintiff precluded from engaging other counsel or from making a new motion for appointment of counsel.  Importantly, this Order is conditioned on the availability and willingness of suitable counsel from the Court's *pro bono* panel to accept this limited-purpose

---

[3] In light of Rhode Island's Rules of Professional Conduct, R.I. Sup. Ct. R., Art. V, R. 1.2(d), the Court's *pro bono* panel plan specifically contemplates the possibility of limited-purpose engagements.  Plan For *Pro Bono* Representation in Civil Cases, at VI, https://www.rid.uscourts.gov/sites/rid/files/documents/cvprobono/Pro%20Bono%20Plan%20Final.pdf (last visited June 2, 2022).

appointment on a *pro bono* basis.  Otherwise, the motion for appointment of counsel is denied without prejudice.

### *Motion to Amend*

Plaintiff seeks to amend his Complaint by substituting a new pleading that principally adds more specific references to buttress his factual allegations, as well as a new prayer for injunctive relief to receive certain diagnostic testing and increased money damages.  While some Defendants oppose the amendment, they do so solely based on alleged futility, effectively conceding the absence of prejudice in that their pending motions to dismiss will apply with equal force to the proposed amended complaint.  ECF No. 23 at 3-4; ECF No. 24 at 1.

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts should freely give leave to amend a pleading when justice so requires.  In this instance, there is no undue prejudice to Defendants, no undue delay or bad faith by Plaintiff, and Defendants' futility arguments are essentially the same as those already asserted in their pending motions to dismiss. See In re Montreal, Maine & Atl. Ry., Ltd., 888 F.3d 1, 12 (1st Cir. 2018) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Accordingly, the Court exercises its discretion to grant the motion to amend.  The Clerk is directed immediately to file the proposed amended complaint (ECF No. 21-1) as "Amended Complaint with Jury Demand" and to set Defendants' time to respond within fourteen days after electronic service as required by Fed. R. Civ. P. 15(a)(3). Defendants, in their option, may respond simply by reference to the already pending motions to dismiss or may file a new motion to dismiss or other responsive pleading.

### *Request for Initial Discovery*

Plaintiff asks the Court to order Defendants to provide him with initial disclosures as required in some cases by Fed. R. Civ. P. 26(a)(1)(A).  However, this case is one of those that is

exempt from the initial disclosure requirement because it is brought by a *pro se* person "in the custody of the United States."  Fed. R. Civ. P. 26(a)(1)(B)(iv).  In any event, as the objecting Defendants point out (correctly), if the initial disclosure requirement were applicable, it is premature to initiate such discovery until the Court has held the Fed. R. Civ. P. 26(f) conference. Fed. R. Civ. P. 26(d)(1).

With serious motions to dismiss pending, the Court finds that it is premature to begin discovery in this case; to that extent, Plaintiff's request is denied.  There is one exception: Plaintiff's request for discovery is granted solely to the extent that the Court directs Defendant Central Falls Detention Facility Corporation to cause the Wyatt (within thirty days of this Order) to produce to Plaintiff and to counsel for all Defendants joined in this case copies of such of Plaintiff's medical/dental/mental health treatment records as are presently within its custody and control.  If such records are not in its custody and control, it shall respond by so stating.  The Court further orders that any such records that are produced must be treated as confidential with access and use strictly limited to what is necessary for the prosecution/defense of this case pursuant to Fed. R. Civ. P. 26(c).

### *Conclusion*

Based on the foregoing reasons, Plaintiff's Motion for the Appointment of Counsel (ECF No. 19) and Request for Initial Discovery (ECF No. 22) are granted in part and denied in part as stated above.  Plaintiff's Motion to Amend Complaint (ECF No. 21) is granted.

So ordered.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 2, 2022